# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-26-TLS |
| | ) | |
| CAMARI STINSON | ) | |

## OPINION AND ORDER

The Defendant, Camari Stinson, is charged with three counts: (1) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); (2) Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1); and (3) Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). This matter is before the Court on the Defendant's Motion for Review (Appeal) of Detention Order [ECF No. 55] pursuant to 18 U.S.C. § 3145(b), which provides for district court review, upon motion by the defendant, of a Magistrate Judge's detention order.

The government requested the detention of the Defendant pending trial on grounds that the Defendant was a danger to the community and presented a serious risk of flight. At the arraignment on June 4, 2015, the Defendant, represented by counsel, waived his right to a detention hearing. [ECF No. 14.] The Defendant was ordered detained pending trial. [ECF No. 15.] On May 20, 2016, the Defendant filed a Motion for Reconsideration and Amendment of Detention Order [ECF No. 43], arguing that he should not be detained because he was not a flight risk. On June 1, 2015, Magistrate Judge Susan Collins conducted an evidentiary hearing. After the hearing, the Magistrate Judge denied the Defendant's motion for release pending trial, finding that he posed a serious flight risk. The Magistrate Judge based her findings on the fact that the Defendant "on a number of occasions has violated the terms and conditions of release

previously imposed by various courts; and Defendant committed the charged crime while he was on supervision." (Am. Order of Detention Pending Trial 3, ECF No. 47.) The Magistrate Judge also based her findings on the Defendant's past conduct, criminal history, and lack of employment or educational pursuits at the time of arrest. (*Id.*) In conclusion, the Magistrate Judge found by a preponderance of the evidence that:

> the totality of Defendant's past conduct while on probation, parole, or home detention indicates that there is no condition or combination of conditions that are currently proposed or available to the Court under 18 U.S.C. § 3142(c) that will sufficiently ameliorate the risk of nonappearance posed by the Defendant if he was released.

(*Id.*) The Defendant filed this motion [ECF No. 55] on October 26, 2016. The Government filed its response on October 31, 2016. Time for the Defendant to reply elapsed on November 10, 2016. The motion is ripe for ruling.

A defendant may file a motion seeking review or revocation of a detention order when the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." 18 U.S.C. § 3145(b). In reviewing detention orders, a district court conducts a de novo review. *United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985). However, a district court may review a magistrate's detention order without holding a new hearing. *United States v. Sophie*, 900 F.2d 1064, 1070 (7th Cir. 1990) ("An evidentiary hearing is necessary only if the party requesting the hearing raises a significant disputed factual issue.").

The Bail Reform Act requires a judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If such

2

unconditional release will not reasonably assure appearance or will endanger safety, then the judicial officer must consider a number of conditions to accompany the release order. *Id.* § 3142(c). However, if after a hearing pursuant to § 3142(f) the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, then the judicial officer shall order detention pending trial. *Id.* § 3142(e). In cases where probable cause exists that a defendant committed an offense under § 924(c), there is a presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will assure the defendant's appearance and the safety of the community. *Id.* § 3142(e)(3)(B); *Portes*, 786 F.2d at 762. Where no presumption exists, the United States bears the burden of proof by a preponderance of the evidence that a defendant is at risk for flight. *Portes*, 786 F.2d at 765. Where a presumption does exist, the defendant must meet a "burden of production by coming forward with some evidence that he will not flee or endanger the community if released." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (quotations removed).

The Defendant requests the Court review the transcript of the June 1, 2016, hearing and Pretrial Services Report [ECF No. 12]. The Defendant argues that he is not at risk for flight because he resides with his mother in Fort Wayne, has children in the city that he pays child support for, and maintains significant ties to the area. The Defendant further contends that he has demonstrated a willingness to appear because during his prior contacts with the criminal justice system he appeared in court on at least 10 occasions, failing to appear only once. The government opposes his motion.

The Court has reviewed the record, examined the factors found in 18 U.S.C. § 3142(g), and weighed the evidence according to the standards noted above. Pursuant to the evidence, the

Court finds that there is a serious risk that the Defendant will flee. The most relevant factors were those noted by the Magistrate Judge pertaining to the Defendant's past performance on supervision, his commission of the charged crime while on supervision, and his extensive criminal history.

The factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community fit into four general categories and take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

According to the report, the Defendant indicated that he was "fairly certain" that his mother would permit him to reside with her if he was released. (Pretrial Services Report 1, ECF No. 12.) However, the PSR does not verify that he would be permitted to continue to live with his mother if he were released. The Defendant's argument that his care for his children ameliorates his risk of nonappearance is also unavailing. The Defendant owes child support and is significantly in arrears with these payments. The Court is unpersuaded that living in Fort Wayne will ensure the Defendant's appearance. Given these circumstances, the Court is not

confident that there are any conditions of release that would reasonably assure the Defendant's appearance at proceedings for the federal offenses he is now charged with committing. Even if he were to remain in Fort Wayne, the Court does not find that the Defendant's ties to this area offset his track record on supervision. The Defendant has a documented history of committing violations while on supervision. Accordingly, the Court finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required for the resolution of this criminal case.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Review (Appeal) of Detention Order [ECF No. 55].

SO ORDERED on December 5, 2016.

                                                 s/ Theresa L. Springmann
                                                 THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT