# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:15-CR-26-TLS |
| | ) | |
| CAMARI STINSON | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Camari Stinson's Verified Petition to Withdraw Guilty Pleas [ECF No. 109], filed on April 30, 2018. The Government filed a Response [ECF No. 110] on May 9, 2018.

On May 27, 2015, the Defendant was charged in a three-count Indictment with being a felon in possession of a firearm from December 29, 2014, continuing to February 25, 2015 (18 U.S.C. § 922(g)(1)), distributing a controlled substance on January 29, 2015 (21 U.S.C. § 841(a)(1)), and possession of a firearm in furtherance of the January 29 drug trafficking crime (18 U.S.C. § 924(c)). One day before his scheduled trial, on December 4, 2017, the Defendant entered pleas of guilty to all three counts. A probation officer prepared a Presentence Investigation Report, to which the Defendant filed objections. The objections centered around the recitation of the offense conduct, particularly as it related to relevant conduct, and the resulting offense level computation. The Court scheduled an evidentiary hearing, but vacated it after the Defendant expressed a desire to withdraw his guilty pleas. The Verified Petition having now been filed, the Court has reviewed the statements contained therein, as well as the transcript of the change of plea hearing, and finds that a hearing is necessary to further develop the record.

Federal Rule of Criminal Procedure 11 governs a defendant's request to withdraw a plea of guilty. It allows a defendant to withdraw a plea of guilty after the court accepts the plea and

before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Seventh Circuit has "frequently observed that a defendant does not have an absolute right to withdraw a plea before sentencing, although the court may allow him to do so if he has a fair and just reason for doing so." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008) (quotation marks, citations, and brackets omitted); *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). "Because the defendant's statements at a plea colloquy are presumed to be true, the defendant bears a heavy burden of persuasion in showing that such a fair and just reason exists." *Chavers*, 515 F.3d at 724 (citing *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001)). It is within the court's discretion whether to hold a hearing on the plea's validity. *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015) (citing *United States v. Jones*, 381 F.3d 615, 618 (7th Cir. 2004)).

In his Verified Petition to Withdraw Guilty Plea, the Defendant does not point to any deficiency in the Court's Change of Plea Hearing held on December 4, 2017. That is, he does not allege that the Court failed to follow Rule 11 of the Federal Rules of Criminal Procedure. Rather, his claim is that personal circumstances led him to plead guilty as his "only remaining option" despite the fact that he had intended to defend the charges at trial because he is innocent. (Verified Pet. ¶¶ 4, 7, 8.) He points specifically to his attempts to "ween [himself] off of a prescribed anti-depressant medication (Celexa)" in advance of his trial date. (*Id.* ¶ 5.) The Defendant states that, in the meantime, the shooting death of his cousin in Fort Wayne "plunged [him] into a significant depression" and caused him to "become suicidal." (*Id.* ¶ 6.) According to the Defendant's Petition, with his "trial date approaching and an inability in [his] mind to be properly prepared for trial . . . [he] felt pressured to plead guilty," and thus did so "in the belief

that it was [his] only remaining option." (*Id.* ¶ 7.)

The Defendant does not explain what led him to alter his prescribed medication regime in advance of trial. Neither does he provide the identity of his cousin, the date the shooting occurred, or whether the Defendant reported his suicidal thoughts to medical personnel, or others, at the jail. These question, and others, require an evidentiary hearing. Importantly, the source of the "pressure" to plead guilty, or what the Defendant means by "pressure," has not been adequately developed for the Court to find that his previous in-court, sworn statements that he actually committed the crimes, and was pleading guilty voluntarily should now be dismissed as untrue. Additionally, the Court notes that the Defendant asserts that he is "innocent of these charges" and "did not commit these offenses, such that all required elements could be proven beyond a reasonable doubt." (Verified Pet. ¶ 8.) Actual and legal innocence have been recognized as legitimate bases for the withdrawal of a guilty plea. *See United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). However, "'bare protestations of innocence' are insufficient to withdraw a guilty plea, particularly after a knowing and voluntary plea made in a thorough Rule 11 colloquy." *United States v. Chavers*, 515 F.3d 722, 725 (7th Cir. 2008) (quoting *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005)). The defendant claiming actual innocence "must proffer some credible evidence." *Carroll*, 412 F.3d at 792 (citing *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002)).

## CONCLUSION

For the reasons stated above, the Court finds that an evidentiary hearing is necessary to address the issues raised by the Verified Petition. The Defendant's Verified Petition to Withdraw

Guilty Pleas [ECF No. 109] REMAINS UNDER ADVISEMENT. An in-person evidentiary hearing is scheduled for June 6, 2018, at 1:30 PM before Chief Judge Theresa L. Springmann to address the issues identified above, as well as to present evidence on any other matters relevant to the outcome of the Verified Petition.

SO ORDERED on May 17, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT