UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 1:15-CR-26-TLS |
| CAMARI STINSON | |

## SENTENCING OPINION

The Defendant, Camari Stinson, has pled guilty to unlawful possession of a firearm by a felon (18 U.S.C. § 922(g)(1)), distributing a controlled substance (21 U.S.C. § 841(a)(1)), and possession of a firearm in furtherance of the trafficking crime (18 U.S.C. § 924(c)). He is awaiting sentence. Several issues impacting the calculation of the Guidelines remain outstanding. This Sentencing Opinion resolves those issues.

## ACCEPTANCE OF RESPONSIBILITY

Defendant entered a plea of guilty on December 4, 2017, the day before his trial was scheduled to begin. Over three months later, on March 29, 2018, the Court was prepared to conduct an evidentiary hearing on Defendant's objection to the PSR when Defendant notified the Court of his intent to withdraw his guilty plea. In his Verified Petition to Withdraw Guilty Pleas [ECF No. 109], Defendant asserted that his cousin's death plunged him into depression at a time when he was attempting to wean himself from prescribed anti-depressant medication. He further asserted that this caused "an inability in my mind to be properly prepared for trial in this case" and feeling "pressured to plead guilty . . . as my only remaining option." (Verified Pet. 1.) Defendant maintained

that he "did not commit these offenses, such that all required elements could be proven beyond a reasonable doubt." (*Id.* at 2.)

The Court took the motion under advisement and conducted an evidentiary hearing. The Government presented the testimony of Agent Wayne Lessner from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to address Defendant's claim that he was innocent of the charges to which he pled guilty. Defendant did not present evidence. Upon consideration of the evidence, and its review of the parties' written submissions and the transcript of the change of plea hearing, the Court denied Defendant's request to withdraw his pleas of guilty to Counts I, II, and III of the Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

The Government's objection is based on Defendant's attempt to withdraw his guilty pleas. The Government argues that Defendant's conduct is inconsistent with acceptance of responsibility and, therefore, he is not entitled to a two-level reduction under Guideline § 3E1.1.

Ordinarily, a defendant who enters a plea of guilty receives a two-level reduction in his offense level for clearly demonstrating acceptance of responsibility for his offense under U.S.S.G. § 3E1.1(a). Application Note 1 states that an appropriate consideration in determining if a person clearly accepted responsibility includes truthfully admitting the conduct comprising the offenses of conviction, and truthfully admitting or not falsely

2

denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). However, Note 3 further says that this may be outweighed by conduct of the defendant that is inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n.3; *United States v. Sellers*, 595 F.3d 791, 793 (7th Cir. 2010) ("Evidence pointing toward acceptance of responsibility may be outweighed by other incompatible acts or statements.").

Defendant bears the burden of proving that he is entitled to the reduction. *United States v. Fuller*, 15 F.3d 646, 650 (7th Cir. 1994). Entering a plea of guilty is not automatic grounds for applying the reduction, *United States v. Dachman*, 743 F.3d 254, 259 (7th Cir. 2014), and the Seventh Circuit has noted that, where a defendant has made belated or ill-fated attempts to withdraw his plea, "[l]ongstanding precedent permits district judges to withhold the adjustment for that reason alone," *United States v. Collins*, 796 F.3d 829, 836 (7th Cir. 2015) (citing as examples *United States v. Price*, 988 F.2d 712, 733 (7th Cir. 1993); *United States v. Trussel*, 961 F.2d 685, 691 (7th Cir. 1992); *Fuller*, 15 F.3d at 650–51).

Here, when moving to withdraw his pleas, Defendant did not point to any deficiency in the Court's colloquy during the change of plea hearing. Neither did his submission convince the Court that the statements he made under oath when he entered his guilty pleas were false, or that he was unable to comprehend what he was doing when he entered those pleas. Despite the Court's identification of numerous questions that remained unanswered in Defendant's Verified Petition, and the opportunity to develop the record during an evidentiary hearing, Defendant did not attempt to answer any of those lingering questions. Rather, the circumstances suggested quite clearly that

Defendant's denial of guilt, and claim of actual innocence, was a direct response to receiving a PSR that included relevant conduct that exposed him to a higher Guideline range. Specifically, Defendant was implicated in an attempted murder during the period of time that he was charged with unlawfully possessing a firearm. The Court has since sustained his objection.

Defendant maintains that he is still entitled to the reduction for acceptance of responsibility. He correctly notes that the basis for a ***second*** motion to withdraw his guilty plea was directed at the application of the Guidelines as it related to the attempted murder, and that he admitted possessing a firearm as a convicted felon between December 29, 2014, to February 5, 2015. In the second motion he was only denying his involvement in the shooting incident of December 29, 2014, not that he was in possession of a firearm on the other three dates, times, and locations set forth in the PSR.

The Court has agreed with Defendant with respect to the December 2014 shooting, at least for purposes of applying the Guidelines. Therefore, the motion to withdraw that was specifically directed at that conduct and its sentencing implications would not be a basis to conclude that he did not accept responsibility. However, his argument ignores the first Verified Petition to Withdraw Guilty Pleas. The Court concludes that Defendant has not clearly demonstrated that he accepted responsibility for his criminal conduct. In fact, because Defendant denied the essential factual elements of guilt, the Government was required to present proof of those elements at an evidentiary hearing. The Government offered the testimony of Agent Lessner, the undercover agent who was with a confidential informant and Defendant when Defendant procured cocaine for the

informant and showed them the firearm. The Government also introduced exhibits to counter Defendant's claim that he was innocent.

For these reasons, the Court sustains the Government's objection and finds that the PSR should be revised to eliminate the reduction for acceptance of responsibility under § 3E1.1(a).

**OFFENSE CONDUCT**

Defendant objects to any reference in the PSR to him being a "shooter" during the December 2014 shooting incident. (Objection, ECF No. 169.) He asserts that, based upon the Court's April 22, 2019, Order sustaining his objection to the offense calculation related to his role in an attempted murder, he should not be referred to as the shooter.

The PSR was revised after the Court issued an Opinion and Order sustaining Defendant's objections to the Final Presentence Investigation Report. The Revised Report does not identify Defendant as the shooter. Rather, is sets forth background facts that give context to the offense conduct. For example, in Paragraph 5, it is noted that the ATF targeted Defendant for investigation after a confidential informant advised that Defendant was talking about his involvement in the December 2014 shooting. Although Defendant had further conversation with the CI about the shooting that are recounted in the PSR, the PSR also notes Defendant's position that he was only claiming to be involved to elevate his "status in the neighborhood" and because it "made him sound hard in order to keep people from bothering him." (PSR ¶ 124.)

The aim of the presentence investigation is to provide an accurate, objective, and comprehensive report to the Court. Defendant has not identified any statement in the

5

PSR that is not accurate. There is no dispute that Defendant was bragging to others about his involvement in the December 2014 shooting. A sentencing court is entitled to rely on facts contained in a PSR that are based on sufficiently reliable information. *See United States v. Willis*, 300 F.3d 803, 807 (7th Cir. 2002). Generally, a defendant bears the burden of showing that the PSR is not accurate or is unreliable. *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007). Defendant has not satisfied his burden, and his objection is overruled.

## CRIME OF VIOLENCE

The Government filed an Objection to paragraph 30 of the Revised Final PSR establishing a base level offense of 14 under § 2K.2.1 for Defendant's conviction for being a felon in possession of a firearm. The Government asserts that his base offense level should be 20 due to his 2012 conviction for "Battery in the Presence of a Child Resulting in Injury, a class D felony," which the Government asserts is a crime of violence. The charging information cited Indiana Code § 35-42-2-1(a)(2)(M).

Subsequent to the drafting of the Revised Final PSR, this Court has recently ruled in a separate case that Indiana's D felony Domestic Battery, I.C. 35-42-2-1.3, is a crime of violence. *See United States v. Bonner*, 1:18-CR-76 (Opinion and Order issued on June 7, 2019). Just as in *Bonner*, the Defendant's conviction here required that he "knowingly or intentionally touche[d] another person in a rude, insolent, or angry manner," and that the touching resulted in "bodily injury." Ind. Code § 35-42-2-1 (version in effect from July 1, 2012, to June 30, 2014). Moreover, Indiana code defined bodily injury as "any impairment of physical condition, including physical pain." Ind. Code § 35–31.5–2–29.

The definition of a crime of violence for purposes of Guideline § 4B1.1 is provided in § 4B1.2(a). Under that provision, a crime of violence is an offense punishable by imprisonment for at least one year that "has as an element the use, attempted use, or threatening use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The categorical approach is the primary method for considering whether a previous conviction qualifies as a predicate crime of violence. *See Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Curtis*, 645 F.3d 937, 939–40 (7th Cir. 2011). The sentencing court "looks at the elements of the statute of conviction to determine if it has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015) (quotation marks omitted).

The Supreme Court has defined "physical force" in the context of the similarly-worded definition of a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). *See Johnson v. United States*, 559 U.S. 133 (2010). It held that "physical force" means "violent force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140. More recently, the Supreme Court expanded on this definition:

> "Capable" means "susceptible" or "having attributes . . . required for performance or accomplishment" or "having traits conducive to or features permitting." Webster's Ninth New Collegiate Dictionary 203 (1983); *see also* Oxford American Dictionary and Thesaurus 180 (2d ed. 2009) ("having the ability or quality necessary to do"). *Johnson* thus does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality.

*United States v. Stokeling*, 139 S. Ct. 544, 554 (2019).

7

Because the victim of battery under Indiana Code § 35-42-2-1(a)(2)(M) must have suffered physical pain or injury, a battery conviction under the Indiana statute necessarily—and literally—requires that the defendant use a level of force that is "capable of causing physical pain or injury." *Johnson*, 559 U.S. at 140; *see also United States v. Jennings*, 860 F.3d 450, 457, 460–61 (7th Cir. 2017) (Minnesota domestic assault, as defined, required the infliction of physical pain or injury (or the threat of such harm) and thus required force "capable of causing physical pain or injury to another person"), *Douglas v. United States*, 858 F.3d 1069, 1071 (7th Cir. 2017) (Indiana battery that required "knowingly or intentionally touch[ing] another person in a rude, insolent, or angry manner" and that touch "results in serious bodily injury to any other person" was violent felony because "force that *actually* causes injury necessarily was capable of causing that injury"); *Yates v. United States*, 842 F.3d 1051 (7th Cir. 2016) (criminal statute proscribing the intentional infliction of bodily harm—defined to mean physical pain or injury, illness, or any impairment of physical condition—upon a victim "tracks what . . . *Johnson* said would suffice: force capable of causing physical pain or injury to another person").

Because bodily injury was a necessary component for Indiana Class D battery in 2012, and it is the offender's use of physical force that will have brought about that bodily injury, the elements of the offense, when committed, have the "potentiality" of causing physical pain or injury. Accordingly, Defendant's prior conviction qualifies as a crime of violence under the Guidelines. The Government's objection is sustained and the PSR will be revised accordingly.

8

## CONCLUSION

For the reasons stated above, the Court SUSTAINS the Government's objection challenging the acceptance of responsibility reduction and the base offense level for Defendant's conviction under 18 U.S.C. § 922(g)(1). The PSR will be revised accordingly. The Court OVERRULES Defendant's objection regarding the offense conduct.

SO ORDERED on July 2, 2019.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
