UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 1:15-CR-0026-HAB |
| | ) |
| CAMARI STINSON | ) |
| | ) |

**OPINION AND ORDER**

Defendant Camari Stinson has moved to reduce his sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 197). Because this Court is divested of jurisdiction to substantively modify the Defendant's sentence given his pending appeal, the Defendant's Motion is DENIED.

**Discussion**

On July 25, 2019, Stinson was sentenced to an aggregate term of 123 months imprisonment consisting of 63 months imprisonment on both Counts 1 and 2 to run concurrent to one another and a consecutive 60 month sentence on Count 3. Stinson's sentence resulted from his plea of guilty to being a convicted felon in possession of a firearm (Count 1), possessing with intent to distribute cocaine (Count 2), and knowingly carrying a firearm during and in relation to a drug trafficking crime (Count 3). (ECF No. 96). Stinson filed his notice of appeal on August 8, 2019, and his case is pending with the Seventh Circuit Court of Appeals, Cause No. 19-2544.

As noted, the Defendant's Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. §

1

3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that

_

>  (1) in any case --

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

> (i) extraordinary and compelling reasons warrant such a reduction …

> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

In this case, however, the Court cannot consider whether Stinson meets the above requirements because his pending appeal deprives this Court of jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Although the district court retains jurisdiction to correct a sentence "resulting from arithmetical, technical or other clear error" within 14 days of sentencing or to "correct[ ] clerical errors," it may not substantively modify judgments. *See* Fed. R. Crim. P. 35(a) and 36; Fed. R. App. P. 4(b)(5) (stating that "[t]he filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a)"). Thus, once the Defendant filed his notice of appeal, jurisdiction over the questions raised in his § 3582(c) motion transferred as well. Accordingly, this Court has no jurisdiction over the Defendant's motion and the motion is DENIED. *See* Fed. R. Crim. P. 37(a).

## **CONCLUSION**

For the foregoing reasons, the Court DENIES the Defendant's Motion (ECF No. 197).

SO ORDERED on February 18, 2021.

                                                s/ *Holly A. Brady*

                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT